UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

| Case No. | 2:25-cv-00970-CAS-Ex | Date | March 10, 2025 |
|---|---|---|---|
| Title | Jubilio Escalera v. Alonzo Jose et al | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - ORDER TO REMAND

On December 5, 2019, plaintiff Jubilio Escalera ("plaintiff") filed this action against defendants Alonzo Jose ("Jose"); Argent Mortgage Co. LLC; "All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Real Property That's Described in the Complaint That Is Adverse to The Plaintiff's Title or any Cloud on Plaintiff's Title Thereto"; and Does 1-10 ("defendants"). Dkt. 1 at 7.

Plaintiff, proceeding *pro se*, asserts twelve claims: (1) fraud; (2) breach of the implied covenant of good faith and fair dealing; (3) quiet title; (4) slander of title; (5) to void and/or cancel *ab initio* the deed of trust and promissory note recorded as instrument number 05-0248292; (6) accounting; (7) breach of fiduciary duty; (8) fraud in the execution of the deed of trust and promissory note number 05-0248292; (9) to cancel a voidable contract under California Revenue & Taxation Code § 23304.1 *et seq.*; (10) a violation of California Corporations Code § 191(C)(7); (11) a violation of California Business & Professions Code § 17200 *et seq.*; and (12) declaratory relief. Id.

On February 4, 2025, defendant Jose removed the case to this Court. Id. at 1. Jose concurrently filed a request to proceed *in forma pauperis*. Dkt. 2. Jose asserts that this Court has jurisdiction on the basis of a federal question. Dkt. 1 at 2-3 (citing 28 U.S.C. § 1331). His notice of removal, titled "Notice of and Application for the Removal of the Unlawful Detainer in State Court Action," seeks that "relief be granted by removing the unlawful detainer case to Federal Court," where defendants' "case can be heard." Id. at 1, 3.

It appears that this Court lacks subject matter jurisdiction over this action. Despite the references to unlawful detainer in Jose's notice of removal, plaintiff does not assert a claim for unlawful detainer in the underlying complaint. See dkt. 1 at 7. Even if this was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

| Case No. | 2:25-cv-00970-CAS-Ex | Date | March 10, 2025 |
|---|---|---|---|
| Title | Jubilio Escalera v. Alonzo Jose et al | | |

an unlawful detainer case, this Court would lack subject matter jurisdiction. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

Given that plaintiff does not assert an unlawful detainer claim, the Court analyzes if subject matter jurisdiction exists for the twelve claims actually asserted in his complaint. First, plaintiff's complaint does not appear to present a federal question under 28 U.S.C. § 1331, because all of his claims arise under state law. Second, while plaintiff is referred to as a California resident in the complaint and seeks at least $1 million in damages, defendants' citizenships are not apparent from the complaint or the notice of removal. See dkt. 1 at 11, 16. The Court therefore cannot determine if the parties are completely diverse and if subject matter jurisdiction exists under 28 U.S.C. § 1332.

On February 20, 2025, the Court ordered defendant Jose to show cause, in writing, no later than March 7, 2025, why this case should not be remanded to Los Angeles County Superior Court. Dkt. 8. Defendant Jose has failed to respond to the order to show cause. Accordingly, the Court **REMANDS** this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |